**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LDJ INVESTMENTS, INC.,** *an Illinois Corporation, individually on its own behalf, and on behalf of all others similarly situated*,<br><br>　　　　　**Plaintiff,**<br><br>vs.<br><br>**FIRST BANK,**<br><br>　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)　**CIVIL NO. 11-695-GPM**<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

　　The Court, on its own motion, has reviewed the notice of removal and complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

　　Defendant removed this action, in which Plaintiff asserts a breach of contract claim on its on behalf and on behalf of a putative class, claiming federal jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446 (Doc. 2). The notice of removal does allege that the matter in controversy exceeds $5,000,000, in satisfaction of 28 U.S.C. § 1332(d)(2), and Defendant properly alleges its own citizenship per 28 U.S.C. § 1332(d)(10), giving both the state of its charter and its

principal place of business. However, the notice of removal fails to adequately plead the citizenship of Plaintiff. In both the original State court caption and the caption in this case, Plaintiff is named "LDJ INVESTMENTS, INC.," and the caption as listed in the notice of removal further identifies Plaintiff as "an Illinois Corporation."

To properly allege a corporation's citizenship under 28 U.S.C. § 1332, "[t]he state of incorporation and the principal place of business must be alleged in the complaint." *McMillan v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 845 n.10 (7th Cir. 2009); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). The notice of removal states only that Plaintiff is "a citizen of Illinois." As the proponent of jurisdiction, Defendant must establish the requirements for subject matter jurisdiction, *see Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006). In order to properly alleged Plaintiff's citizenship and establish minimum diversity so as to satisfy 28 U.S.C. § 1332(d)(2)(A), Defendant must state where Plaintiff is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Accordingly, pursuant to 28 U.S.C. § 1653, Defendant is **ORDERED** to file an Amendment to the Notice of Removal **on or before September 9, 2011**, to fully set forth the citizenship of Plaintiff. If Defendant fails to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendant cannot establish federal subject matter jurisdiction, the Court will remand the action to the Twentieth Judicial Circuit Court, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after

multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 8/31/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge