# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LDJ INVESTMENTS, INC.,** individually on its own behalf, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 11-695-GPM ) |
| **FIRST BANK,** | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant removed this action from the Circuit Court of the Twentieth Judicial Circuit of Illinois in St. Clair County on August 12, 2011 pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. §1453(b) (Doc. 2). Plaintiff, an automobile dealership, seeks relief on its behalf and on behalf of a putative class for Defendant's alleged breach of contract (Doc. 2-2). Plaintiff (as the borrower) entered into a commercial loan agreement with Defendant. Plaintiff claims that Defendant breached the loan agreement by charging interest on the loan "at a rate exceeding the per annum interest specified in [the] Promissory Note[] and Loan Agreement[]" (Doc. 2-2 at 4). On September 2, 2011, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 12). Plaintiff responded (Doc. 16), and the Court held a hearing on the motion to dismiss December 5, 2011. After full consideration of the arguments made in the papers and by counsel at the motion hearing, the Court rules as follows: Defendant's motion to dismiss (Doc. 12) is **GRANTED**.

The Loan Agreement entered into by Plaintiff and the Bank included a promissory note. It is the terms of that promissory note which are the basis for Plaintiff's breach of contract claim. The promissory note comprises one-and-a-half pages (Doc. 13-1). The second and third paragraphs read as follows:

> PAYMENT. Borrower will pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on May 1, 2007. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning June 1, 2006, with all subsequent interest payments to be due on the same day of each month after that. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. **The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.** Borrower will pay Lender at Lender's address shown above or at such other places as Lender may designate in writing.
>
> VARIABLE INTEREST RATE. The interest rate on this Note is subject to change from time to time based on changes in an index which is Lender's Prime Rate (the "index"). This is the rate Lender charges, or would charge, on 90-day unsecured loans to the most creditworthy corporate customers. This rate may or may not be the lowest rate available from Lender at any given time. Lender will tell Borrower the current index rate upon Borrower's request. The interest rate change will not occur more often than each day. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 7.750% per annum. The interest rate to be applied to the unpaid principal balance of this Note will be at a rate of 0.250 percentage points over the index, resulting in an initial rate of 8.000% per annum**. NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law.

(emphasis added).

In the motion to dismiss, Defendant maintains that Plaintiff could not state a claim for breach of contract, as Defendant complied with the contract's express terms: it computed the interest for the Note using the 365/360 method. Plaintiff counters that it was not clear that the "per annum" rate would be calculated on the 365/360 method, and so the per annum rate must therefore have the plain,

ordinary meaning of "annual," or "one year" (Doc. 2-2 at 3-4).

That "per annum" might not have the ordinary meaning of "one year" owes itself to the fact that "[b]ankers…often pretend there are only 360 days in a year…[b]ecause the Gregorian calendar makes it impossible to have both equal daily interest charges and equal monthly interest charges throughout the year." *In re Oil Spill by "Amoco Cadiz,"* No. 92-3282, 1993 WL 360955, at *1 (7th Cir. Sept. 14, 1993) (Table). The Seventh Circuit has explained that banks have consequently "developed three methods of computing interest. These are the 365/365 method (exact day interest), the 360/360 method (ordinary interest) and the 365/360 method (bank interest)." *Id., citing American Timber & Trading Co. v. First Nat. Bank of Oregon,* 511 F.2d 980, 982 N.1 (9th Cir. 1974); Comment, *Legal Aspects of the Use of "Ordinary Simple Interest,"* 40 U.CHI.L.REV. 141, 142 (1972); Kevin W. Brown & Kathleen E. Keest, Usury and Consumer Credit Regulation § 4.2.3.4 (1987); Term Loan Handbook 41 (John J. McCann ed., 1983). Under a 365/360 per annum computation, the bank "divides the annual interest rate by 360 to produce a daily interest factor. It then applies that factor to each of the 365 or 366 days in the year, even though the borrower has paid the nominal 'annual' interest due after 360 days." *In re Oil Spill* at *2. "Obviously, over the course of a year, the 365/360 method produces more interest than the 365/365 method or the 360/360 method since it takes the higher 360/360 per diem charge but multiplies it by the 365-day time period." *No Longer Bending to the Purposes of the Money Lenders: Prohibiting the 'Bank Method' of Interest Calculation,* 70 N.C. L. REV. 243, 248 (1991).

Here, Plaintiff does not dispute the validity of the 365/360 per annum method of calculation, but argues that the 365/360 method had not been contracted for and could thus not be used by Defendant in calculating the interest rate. Per Plaintiff, the contracted-for interest rate is clearly

8.000% per annum, as stated in the 'Variable Interest Rate' paragraph of the note. Further, claims Plaintiff, the sentence explaining that "[t]he annual interest rate for th[e] Note is computed on a 365/360 basis" in the 'Payment' paragraph is so grammatically and mathematically unintelligible as to be invalid. Plaintiff points out that it doesn't make sense that the annual interest *rate* would be computed on a 365/360 basis, when the Note goes on to say that the 365/360 interest rate is computed by dividing the annual interest rate by 360, multiplying that figure by the outstanding principal balance, and multiplying that figure by the actual number of days the principal balance is outstanding. The formula for the annual interest rate requires you to plug in the figure for the annual interest rate, and this, says Plaintiff, is nonsense. *So,* this sentence should be excised from the contract–leaving only the 8.000% per annum interest rate.

The Court concurs that the 365/360 sentence is poorly constructed and that, to make more sense, it should read "annual interest" not "annual interest rate"; i.e.: "the annual interest for the Note is computed on a 365/360 basis, that is, by applying the ratio of the annual interest rate (as calculated per the 'Variable Interest Rate' paragraph–initially 8.000%) over 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding." Defendant admits that the 365/360 annual interest sentence is clumsy. However, the Court cannot say that the inclusion of the word "rate" makes that portion of the contract ambiguous or otherwise unintelligible. The initial variable interest rate here was 8.000% *per annum*. Even if the Court were to consider the 365/360 sentence too tortured to validly apply to the contract, the question would remain: *what* "per annum" applies? Plaintiff assumes that "per annum" must mean "1"–either 360/360 or 365/365. But this is not the case. "Per annum" is essentially a banking term of art meaning either 360/360, 365/365, or 365/360. The 'Variable Interest Rate' paragraph

does not define which method of per annum is at play in this note, but there is no mystery as to which method will be used–merely look up one paragraph and see that the 365/360 method will be applied. Though in small font, the promissory note comprises only one and one-half pages–the 365/360 term was not likely lost in the shuffle. Unfortunate sentence construction or misuse of the word "rate" does not negate the clear fact that this contract specifies the 365/360 method for computing interest. That is the method Defendant used, and Plaintiff's complaint therefore states no cause of action. Defendant's motion to dismiss (Doc. 12) is **GRANTED**. Plaintiff's complaint and this action will be dismissed from the Court's docket.

    **IT IS SO ORDERED.**

    DATED: January 11, 2012

s/ <i>G. Patrick Murphy</i><br>
G. PATRICK MURPHY<br>
United States District Judge